UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24CR594 HEA ) |
| JULIAN ALCALA, | ) ) ) |
| Defendant. | ) |

**ORDER SETTING FORTH TRIAL PROCEDURES IN CRIMINAL CASES**

In order to administer the trial of the above-captioned criminal case in a fair, just, efficient and economical manner,

**IT IS HEREBY ORDERED** that jury trial of this matter is set for **November 24, 2025, at 9:30 a.m.** in the courtroom of the undersigned.

**IT IS FURTHER ORDERED THAT ANY REQUEST FOR CONTINUANCE OR REQUEST FOR A CHANGE OF PLEA HEARING MUST BE MADE TWO WEEKS IN ADVANCE OF THE TRIAL SETTING.  THE PARTIES ARE TO NOTIFY THE COURT OF ANY SUCH REQUESTS AS SET OUT ABOVE.**

**IT IS FURTHER ORDERED** that any request for continuance of the trial of this matter shall be made by written motion.  **At the time of the request for**

**continuance, defendant shall present to the Court a fully executed (by defendant) Waiver of Speedy Trial.**

**IT IS FURTHER ORDERED** that counsel for the government and defendant are directed to comply with each of the following procedures and requirements.

1. <u>Disclosure of All Parties Potentially Entitled to Restitution</u>

No later than ten (10) days from the date of this order the government shall disclose the identity of all individuals and all non-governmental entities which may be entitled to restitution as a part of any possible sentence in this matter.

2. <u>Trial Schedule</u>

Times for starting and adjourning the trial day will be announced at the start of trial. Court will begin promptly and the jury will not be kept waiting. The Court will be available to resolve preliminary matters 15 minutes prior to the scheduled start of the trial day, or during the lunch break, or at the conclusion of the trial day. Trial time and jury time will not, however, be lost. In particular counsel are warned not to raise preliminary matters at the start of the trial day, when the jury and all others are ready to proceed.

3. <u>Jury Selection</u>

Voir dire will be conducted by the Court. Standard voir dire questions will be asked. Counsel will not be permitted to pose general questions to the panel.

Counsel will be allowed to follow up with specific questions to specific panel members based on the information provided in response to the Court's general questioning. Requests for general voir dire questions to be asked by the Court should be submitted, in writing, no later than seven (7) days **prior to trial**. Questions submitted less than seven (7) days prior to trial may, in the Court's discretion, not be considered.

Panel members may answer questions involving sensitive information (such as those related to medical problems, excuses, past criminal record, experiences as a victim of crime, etc.) at the bench. At that time counsel may pose brief follow-up questions to those asked by the Court.

After voir dire is completed the jurors will be excused before counsel will be heard on strikes for cause or otherwise.

Strikes for cause will be heard at the end of all questioning of the jurors. The Court will first indicate those it believes are disqualified and hear any objections from counsel; thereafter, counsel's strikes for cause will be heard and ruled on.

4.   Motions in Limine

Motions in limine are encouraged with respect to legal matters that the parties reasonably expect to arise during trial. Such motions in limine should be filed no later than ten (10) days prior to trial. Motions in limine filed less than ten

(10) days prior to trial will be considered only upon a showing for good cause. Responses to motions in limine are to be filed no later than <u>five (5) days prior to trial</u>. Responses to motions in limine filed less than five (5) days prior to trial will be considered only upon a showing for good cause.

    5.    <u>Exhibit Lists</u>

All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit.

    6.    <u>Witness List</u>

Counsel are directed to deliver to opposing counsel each evening (and preferably earlier) a list of witnesses counsel anticipates calling the next trial day. The Court strongly encourages the parties to produce all Jencks Act and <u>Brady</u> material at the earliest opportunity, especially if the materials are particularly voluminous for a witness.   Nevertheless, the Court understands that the parties will not be absolutely bound by the list in calling its witnesses because, on occasion, a party may desire in good faith to change an intended order of proof, or it becomes necessary to call a witness out of turn, etc.   For example, security concerns may well justify non-identification of witnesses until they are actually called.   These concerns may be brought to the Court's attention <u>in camera</u> when the witness list, excluding those names, is delivered to counsel.

  7. <u>404(b) Evidence</u>

  If the government expects to introduce 404(b) evidence it must file a notice of the government's intention to do so no later than seven (7) days prior to trial. The notice shall include a brief summary of the proposed evidence, identifying the specific elements of 404(b) under which the government intends to introduce such evidence and the proposed jury instruction to be read before the introduction of any such evidence.

  8. <u>Jury Instructions</u>

  A. <u>Timing</u>: The government shall file proposed jury instructions, both preliminary and final instructions, no later than seven (7) days prior to trial. Copies shall be served on defense counsel.  Defense counsel shall file proposed instructions, both preliminary and final instructions, the Thursday before trial starts.  Additional instructions may be substituted at the close of the evidence.

  B. <u>Form</u>: The 8th Circuit Model instructions should be used when possible.  The basic introductory and boilerplate instructions must be based on the 8th Circuit model instructions.  If Devitt & Blackmar instructions are requested, parties should, as appropriate, submit instructions from the current edition.

  C. <u>Clean Copies</u>: Each side shall provide the court with:  a) a clean copy of each proposed instruction; and b) a copy stating who submitted it and citing the authority on which it is based; and c) a disk with each set of instructions.  The

clean copy of the proposed instructions is to be filed with the court electronically prior to the trial setting. The Court will deliver the final instructions immediately before closing arguments by the attorneys.

9. <u>Tapes to be Used at Trial</u>

If there are tapes to be used in this case, counsel for both sides shall resolve any dispute between any alleged inaccuracy of the transcripts and the tape recordings. If it proves impossible for counsel to resolve the dispute, they shall so advise the Court at least five (5) days before trial so that the Court will not be confronted mid-stream with this problem and the resulting delay and expense to the parties and the Court.

10. <u>Evidentiary Objections</u>

**NO EVIDENTIARY OBJECTIONS SHALL BE ARGUED IN THE PRESENCE OF THE JURY, ALTHOUGH COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND THEREFOR.** Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench). For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or for the day.

11. <u>Direct and Cross-Examination</u>

On direct or cross-examination of a witness, counsel shall not:

A. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;

B. use an objection as an opportunity to argue or make a speech in the presence of the jury;

C. show to the jury a document or anything else that has not yet been received into evidence; or

D. offer gratuitous comments and asides about witnesses testimony or opposing counsel.

12. <u>Closing Arguments</u>   With regard to both opening statements and closing arguments, the Court will intervene <u>sua sponte</u> and not wait for objections if it observes the failure to adhere to basic legal principles. In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel shall not:

A. comment adversely on the failure of any defendant to testify on his or her own behalf;

B. make statements of personal belief to the jury or express belief in the credibility of any witness;

    C.    make personal attacks on other counsel in the case;

    D.    appeal to the self interest of the jurors; or

    E.    make racial, political, or religious comments.

Failure to abide by these rules may result in severe sanctions.

    13.    <u>Multiple Defendant Cases and Trial Objections</u>

From and after the moment the case is called for trial, any objection, motion or other application for relief made by any defense counsel orally, or in writing, shall be deemed to be adopted and joined in by every other defendant, respectively, without announcement by counsel to that effect. Similarly, the rulings of the Court thereon shall be deemed applicable to each defendant unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard **only** for the purpose of expressly opting out of an objection or motion if that is their position.

    14.    <u>Contact with Non-Party Witnesses During Trial</u>

Except for a <u>defendant-witness</u> (because of Sixth Amendment implications) and the designated party representative for the government, or by leave of Court counsel calling a witness to testify should have no further discussions with that witness concerning the case, or any aspect of the testimony, after the witness has been tendered for cross examination, and until such time as the witness has been

tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.

**IT IS FURTHER ORDERED** that a change of plea proceeding, if any, will be scheduled only after the Court receives in chambers a written plea agreement and/or stipulation of facts that has been executed by the United States and the defendant.

Failure to comply with any part of this Order may result in the imposition of sanctions.

Dated this 14th day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE